# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONE LEROY EAST,<br><br>        Plaintiff,<br><br>   v.<br><br>C. REED,<br><br>        Defendant.<br>_____ / | CASE NO. 1:10-CV-02111-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (DOC. 1)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE (21) DAYS |

**Findings And Recommendations**

**I.     Background**

    Plaintiff Ebone Leroy East ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on November 12, 2010.  Doc. 1.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary Of Complaint

Plaintiff was previously incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred. Plaintiff names as Defendant C. Reed, RDA. Plaintiff also alleges that Defendant's supervisors are also responsible.

Plaintiff alleges the following. On March 16, 2010, Plaintiff was charged five dollars for a follow-up from January 25, 2010. Plaintiff was told by Defendant Reed that every time he filed a 602 healthcare grievance and had a hearing, he would be charged, as it was considered an appointment. Plaintiff alleges a violation of the First, Eighth, and Fourteenth Amendments. Plaintiff incorporates his inmate grievances concerning his claims into his complaint.

Plaintiff requests as relief monetary damages, and that Defendant Reed be fined.

## III. Analysis

### A. First Amendment

Plaintiff contends that he has a First Amendment right to file free inmate grievances. Compl. 16-17. Prisoners have a constitutional right to file inmate grievances. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005), and *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003)). It is unclear whether prisoners have a constitutional right to free inmate grievances. However, that argument is moot.

An examination of Plaintiff's exhibits which were incorporated into his complaint indicates that Plaintiff was not charged for filing an inmate grievance. Plaintiff had filed a CDC

2

7362 Health Care Services Request Form, and was charged a five dollar co-pay. Compl. 9, 11, 13-14.[1] Thus, Plaintiff fails to state a First Amendment claim.

**B.   Eighth Amendment**

Plaintiff contends that his Eighth Amendment rights were violated because he was charged a five-dollar co-pay. Compl. 21. Charging prisoners fees for medical services does not violate the Eighth Amendment unless it prevents prisoners from receiving medical care. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985) (per curiam). Plaintiff complains only of the charge, not of the treatment. Plaintiff thus fails to state an Eighth Amendment claim.

**C.   Fourteenth Amendment**

**1.   Due Process**

Plaintiff alleges that he has a liberty interest regarding the processing of his inmate grievance. Compl. 17-18. Prisoners have no liberty interest in a specific grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

**2.   Equal Protection**

Plaintiff alleges a violation of the Equal Protection Clause. Compl. 17-18. "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Plaintiff alleges no facts that remotely indicate he is being treated differently from other similarly situated persons.

**D.   Supervisory Liability**

Plaintiff vaguely asserts responsibility by Defendant Reed's supervisors. Compl. 20-21. The Supreme Court emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a

---

[1] All reference to page numbers are from the Court's docket.

theory of *respondeat superior*." *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, a plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff alleges no facts that indicate any supervisory prison officials personally participated in a constitutional deprivation; knew of the violations and failed to act to prevent them; or promulgated or implemented a constitutionally deficient policy.  *Hansen*, 885 F.2d at 646; *Taylor*, 880 F.2d at 1045.

## IV.     Conclusion And Recommendation

Plaintiff fails to state any cognizable claims against any Defendant.  The Court does not find that Plaintiff will be able to amend his complaint to cure the deficiencies identified herein.  Therefore, the Court does not recommend leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY RECOMMENDED that

1.   This action be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

2.   This dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the Plaintiff may

1  file written objections with the Court.  The document should be captioned "Objections to
2  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
3  objections within the specified time may waive the right to appeal the District Court's order.
4  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

     IT IS SO ORDERED.

     **Dated:**   **May 6, 2011**            /s/ **Dennis L. Beck**
                                                       UNITED STATES MAGISTRATE JUDGE